**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILLENNIUM HEALTH, LLC, | No. 21-35314 |
| Plaintiff-Appellee, | D.C. No. 3:20-cv-02035-HZ |
| v. | |
| DAVID BARBA; JUSTIN MONAHAN, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| NEPENTHE LABORATORY SERVICES, LLC, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted September 2, 2021
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,[**] District Judge.

Appellants David Barba and Justin Monahan appeal the district court's order granting Millennium Health, LLC's motion for a preliminary injunction. We review the district court's issuance of a preliminary injunction for an abuse of discretion. *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 753 (9th Cir. 2018). The district court abuses its discretion "if its decision is based on either an erroneous legal standard or clearly erroneous factual findings." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1096 (9th Cir. 2008). "The legal issues underlying the injunction are reviewed de novo because a 'district court would necessarily abuse its discretion if it based its ruling on an erroneous view of law.'" *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 (9th Cir. 2000) (quoting *Brookfield Commc'ns v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999)). The district court's factual findings are reviewed for clear error. *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1195–96 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1292, and we affirm.

Barba and Monahan only challenge the district court's finding that Millennium has a likelihood of success on the merits in enforcing the

---

[**] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

non-competition agreements against them. Appellants argue that an employee seeking to void a "voidable" non-competition agreement cannot be preempted by their employer's effort to enforce the covenant, especially where, as here, the employee has not yet formally left their employment or violated the agreement. Their argument is not supported by Oregon law.

1.       Oregon treats non-competition agreements that do not comply with the statutory requirements of Oregon Revised Statue § 653.295 as *"presumptively valid* rather than void *ab initio*." *Bernard v. S.B., Inc.*, 350 P.3d 460, 464 (Or. Ct. App. 2015). Neither Barba nor Monahan received notice that a non-competition agreement would be a condition of their employment two weeks prior to commencing their employment. Thus, their non-competition agreements were voidable. Or. Rev. Stat. § 653.295(1)(a)(A).

The district court relied on a fair reading of the Oregon Court of Appeals' decision in *Bernard* in finding that Oregon courts would treat a voidable non-competition agreement as valid and enforceable if the employee has not taken affirmative steps to void the agreement at the time the employer seeks to invoke the non-competition agreement. 350 P.3d at 465 ("[B]ecause [the agreement] had not been voided at the time that defendant sought to invoke the contract, the agreement was valid and in effect."); *see also Brinton Bus. Ventures, Inc. v. Searle*,

3

248 F. Supp. 3d 1029, 1035 (D. Or. 2017) ("[T]he Oregon Court of Appeals interpreted O.R.S. 653.295 to require a plaintiff to void a non-competition agreement prior to the defendant's effort to enforce the agreement.").

2. The district court's finding that Millennium Health's September 22, 2020 letters to Barba and Monahan were an attempt to invoke its rights under the non-competition agreements is not clearly erroneous. In *Bernard*, the court held that an employer sufficiently "sought to invoke" a non-competition agreement by making "contact with both plaintiff and her new employer, reminding them of plaintiff's contractual obligations to defendant." 350 P.3d at 461. And in *Brinton*, the employer sufficiently "sought to invoke" its rights by making a threat of legal action, including "the enforcement of an alleged non-competition agreement." 248 F. Supp. 3d at 1035.

Millennium's general counsel sent both Barba and Monahan letters "advis[ing] Barba and Monahan of the continuing, post-employment obligations [they] owe Millennium," including the non-compete clauses. The letters warned Barba and Monahan that Millennium expected them to "fully honor [their] contractual obligations," and was "prepared to defend its rights should [they] choose to breach those obligations in any way." At that point, Barba and Monahan

had resigned, effective October 2, 2020, and had "concrete plans" to work for Nepenthe Laboratory Services LLC.

The district court did not abuse its discretion in concluding the letters were an effort to enforce Millennium's rights under the non-competition agreements, forestalling Barba's and Monahan's subsequent attempts to void the agreements. Because Millennium had a likelihood of success on the merits, the district court did not err in granting Millennium's motion for a preliminary injunction.

**AFFIRMED.**